

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Ben J. Dean
District Attorney
Breckenridge, Texas

Dear Sir:

Opinion No. O-3057
Re: Fees of Justice of the Peace
under facts stated.

Your request for opinion has been received and carefully considered by this department. We quote from your request as follows:

"Where a defendant is charged with driving while intoxicated and the Justice of the Peace sits as an examining court in an examining trial and an indictment is returned and the defendant is given a fine and jail sentence, I should like to ask you the following questions:

"(a) Is the Justice of the Peace entitled to the $3.00 provided in Article 1071, C.C.P.?

"(b) Is the Justice of the Peace entitled to one-half of his costs as provided in Article 1055, C. C. P.?"

Article 1019, Vernon's Annotated Texas Code of Criminal Procedure, reads as follows:

"If the defendant is indicted for a felony and upon conviction his punishment is by fine or confinement in the county jail, or by both such fine and confinement in the county jail or convicted of a misdemeanor, no costs shall be paid by the State to any officer. All costs in such cases shall be taxed, assessed and collected as in misdemeanor cases."

Honorable Ben J. Dean, Page 2

Article 1071, Vernon's Annotated Texas Code of
Criminal Procedure, reads as follows:

"Justices of the peace who sit as an
examining court in misdemeanor cases shall
be entitled to the same fees allowed by
law to such justices for similar services
in the trial of such cases, not to exceed
three dollars in any one case, to be paid
by the defendant in case of final convic-
tion."

Article 1052, Vernon's Annotated Texas Code of
Criminal Procedure, reads as follows:

"Three Dollars shall be paid by the
county to the County Judge, or Judge of
the Court at Law, and Two Dollars and fifty
cents shall be paid by the county to the
Justice of the Peace, for each criminal
action tried and firally disposed of be-
fore him. Provided, however, that in all
counties having a population of 20,000 or
less, the Justice of the Peace shall re-
ceive a trial fee of Three Dollars. Such
Judge or Justice shall present to the
Commissioners' Court of his county at a
regular term thereof, a written account
specifying each criminal action in which
he claims such fee, certified by such Judge
or Justice to be correct, and filed with
the County Clerk. The Commissioners'
Court shall approve such account for such
amount as they find to be correct; and
order a draft to be issued upon the County
Treasurer in favor of such Judge or Justice
for the amount so approved. Provided the
Commissioners' Court shall not pay any
account or trial fees in any case tried and
in which an acquittal is had unless the
State of Texas was represented in the trial
of said cause by the County Attorney, or
his assistant, Criminal District Attorney
or his assistant, and the certificate of
said Attorney is attached to said account

certifying to the fact that said cause was
tried, and the State of Texas was repre-
sented, and that in his judgment there was
sufficient evidence in said cause to demand
a trial of same."

The population of Stephens County, Texas, is less
than 20,000 inhabitants according to the 1940 Federal Cen-
sus.

Opinion No. C-2877 of this department passes on
a situation where a Justice of the Peace (on the fee sys-
tem) holds an examining trial where a defendant is charged
with a felony, to wit, driving a motor vehicle while in-
toxicated and where the constable (on the fee system)
makes the arrest for examining trial, etc., and where the
Grand Jury indicts the defendant and where upon trial the
defendant is given a fine and jail sentence and where the
defendant does not pay his fine and costs but lays the
same out in jail or works it out on the county roads or
other county projects. This opinion holds that under
said facts the county is liable to the Justice of the
Peace and constable for one-half of their legal examining
trial fees in said cause. We enclose herewith a copy of opin-
ion No. O-2877 for your information.

In answer to your first question you are res-
pectfully advised that it is the opinion of this depart-
ment that the Justice of the Peace of Stephens County
would be entitled to collect a fee of $3.00 from the
defendant under the facts stated.

In answer to your second question it is our
opinion that under the facts stated if the defendant could
not pay the fine and costs and laid same out in jail or
worked it out on the county roads or on a county project
the county would be liable to the Justice for one-half
of his examining trial fee under Article 1055, V. A. T.
C. C. P.

Honorable Ben J. Dean, Page 4

It is to be understood that we do not pass upon the constitutionality of Article 1071 of the Code of Criminal Procedure, supra.

Very truly yours

APPROVED FEB 21, 1941

ATTORNEY GENERAL OF TEXAS

FIRST ASSISTANT
ATTORNEY GENERAL

By

Wm. J. Fanning
Assistant

WJF:GO

ENCLOSURE


APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN